845 F.2d 1033
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Franklyn E. ARCHULETA, Petitioner,
v.
DEPARTMENT OF AGRICULTURE, Respondent.
 No. 87-3497.
 United States Court of Appeals, Federal Circuit.
 Feb. 11, 1988.
 
 Before FRIEDMAN and DAVIS, Circuit Judges, and JACK R. MILLER, Senior Circuit Judge.
 DAVIS, Circuit Judge.
 
 DECISION
 
 1
 The decisions of the Merit Systems Protection Board (MSPB or Board), MSPB Docket Nos. SF07528510193 & SF531D8510194, removing petitioner from his position with respondent, are affirmed.
 
 OPINION
 
 2
 Petitioner was employed as a District Conservationist with respondent Agriculture's Soil Conservation Service (SCS) at the agency's field office in Chinle, Arizona; this office was physically located at the Bureau of Indian Affairs (BIA) headquarters at Chinle. In 1984 Archuleta was removed for his inability to work effectively with other agencies and also his inability to work effectively with other agency personnel of his own. The basis of the charges was an adverse action under Chapter 75 (5 U.S.C. Secs. 7501 et seq.). On appeal to the MSPB the administrative judge held a hearing, sustained the charges, and also upheld the penalty of removal. The full Board wrote its own opinion and affirmed the initial decision (except for a minor part not now relevant).
 
 
 3
 Petitioner picks at the administrative judge's specific factual findings but the full Board correctly ruled that there is no adequate ground here for departing from the general rule that the trier's findings should be accepted unless there is very good ground for questioning them.[1] There is also more than substantial evidence supporting the charges that Archuleta could not get along either with SCS personnel or the BIA personnel.
 
 
 4
 Similarly, there is no reason to challenge the MSPB's holding that there was a nexus between the sustained charges and the efficiency of the service. Petitioner's activities were found to disrupt the working relationship between the SCS and the BIA. That is plainly a significant connection. Removal was an appropriate penalty for such an important adverse impact of petitioner's conduct. Though the Board held that the employee was not entitled to the benefit of the statutory performance period (granted in proceedings under Chapter 43 (5 U.S.C. Secs. 4301 et seq.)) it also ruled that the amount of counselling was relevant to the appropriateness of the penalty. Here the initial decision (sustained by the full Board) found that petitioner had been counselled regarding his interpersonal relationships after the first few occurrences--but that such counselling had no appreciable effect. We cannot say that this was an abuse of discretion or other error in taking account of the counselling given Archuleta. Moreover, his complaints of bias against him by his fellow workers and supervisors were adequately found by the MSPB not to have been sustained.
 
 
 
 [1]
 The full Board expressly found that "the initial decision reflects that the administrative judge considered the evidence as a whole, drew appropriate inferences and made reasoned conclusions on issues of credibility."